UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| ALEX ROSARIO and | ) Case No. 6:14-bk-01382-KSJ |
| MARISOL ROSARIO, | ) Chapter 13 |
| | ) |
| Debtors. | ) |
| | ) |
| | |
| ACCEL MOTORSPORTS INC., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Adversary No. 6:14-ap-00044-KSJ |
| | ) |
| ALEX ROSARIO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION PARTIALLY
GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Accel Motorsports Inc., seeks entry of a default judgment against the Debtor and Defendant, Alex Rosario, determining that a $124,400 state court default judgment ("State Court Judgment") is nondischargeable.[1] In its amended motion for default judgment,[2] the Plaintiff only argues § 523(a)(2)(A) of the Bankruptcy Code[3] and rests solely on the preclusive effect of the default judgment entered by the State Court.[4] The Court ultimately finds the Plaintiff has proved the fraud and conversion portions of the State Court Judgment are

---

[1] Complaint, Doc. No. 1.
[2] Doc. No. 30.
[3] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et. seq*.
[4] "State Court" refers to the Circuit Court of the Ninth Judicial Circuit of Orange County, Florida. The State Court Judgment is located at Doc. No. 1-2.

nondischargeable, but has not shown that the worthless check portion of the State Court Judgment is nondischargeable under § 523(a)(2)(A).

Defendant has not filed any meaningful document in this case and currently proceeds without an attorney.[5] The Clerk entered a Clerk's Default on July 7, 2014.[6] Plaintiff first moved for entry of default judgment on July 28, 2014.[7] The Court denied that motion without prejudice, finding it lacked substance and failed to show that the Plaintiff was entitled to relief based on the allegations in its complaint.[8] In evaluating the Plaintiff's amended motion for default judgment,[9] the Court again is mindful that "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."[10] And, although the Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions."[11] The Court does not simply rubber-stamp a Plaintiff's request for a default judgment but must ensure the Plaintiff's factual allegations, taken as true, adequately fit its legal claims.

The facts underpinning the Plaintiffs' claims are not complex. Defendant entered into sale contracts for three cars—an Acura, a Dodge, and a Porsche—and received the cars but did not pay for them.[12] After the Plaintiff demanded payment, the Defendant tendered checks on the Acura and Dodge contracts.[13] Defendant's bank dishonored the checks for insufficient funds.[14]

---

[5] Defendant agreed to retain an attorney for this matter but apparently never signed a contract or paid any fees to that attorney. The Court allowed the attorney to withdraw. Doc. No. 27.
[6] Doc. No. 22.
[7] Doc. No. 24.
[8] Order Denying Motion for Default Judgment, Doc. No. 26.
[9] Doc. No. 30.
[10] *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit incorporated all the decisions of the former Fifth Circuit handed down prior to September 30, 1981, into its precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).
[11] *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009).
[12] State Court Complaint, Doc. No. 1-1 at ¶¶ 4-19.
[13] *Id.* at ¶¶ 12 & 16.
[14] *Id.* at ¶¶ 13 & 17.

Plaintiff then filed suit in State Court and obtained a default judgment against the Defendant for a total of $124,400.[15]

After reviewing the State Court Judgment and the State Court Complaint, incorporated by the Plaintiff into its adversary complaint, State Court awarded these damages: $16,900 for fraud and conversion relating to the Acura;[16] $8,200 for conversion relating to the Dodge;[17] $24,000 for fraud relating to the Porsche;[18] $50,700 in treble damages from the worthless check tendered as payment for the Acura;[19] and $24,600 in treble damages from the worthless check tendered as payment for the Dodge.[20] This Court must now determine whether the State Court Judgment, in whole or in part, is nondischargeable under § 523 of the Bankruptcy Code.

Plaintiff argues the State Court Judgment is entitled to collateral estoppel effect, and on that basis, the entire judgment is nondischargeable under § 523(a)(2)(A). To determine whether a state court judgment should be afforded collateral estoppel effect, "the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect."[21] Here, Florida's collateral estoppel requirements control. Under Florida law, the party seeking to establish the prior judgment's findings as preclusive must prove: (1) the issue previously decided is identical to the one now before this Court, (2) the issue was "actually litigated" in the prior proceeding, (3) the Circuit Court's previous determination was "a critical and necessary part of the judgment," and (4) the standard of proof was "at least as stringent as the standard of proof" in the later action.[22]

Here, the Plaintiff has established all four prongs of the collateral estoppel test with

---

[15] State Court Judgment, Doc. No. 1-2.
[16] *Id.* at ¶ 6.
[17] *Id.* at ¶ 7.
[18] *Id.* at ¶ 8.
[19] *Id.* at ¶ 6.
[20] *Id.* at ¶ 7.
[21] *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675–76 (11th Cir. 1993).
[22] *Id.* at 676.

respect to the fraud and conversion portions of the State Court Judgment. The issues are identical. Florida common law fraud's elements satisfy the elements of § 523(a)(2)(A).[23] Further, the conversion elements have been satisfied for the Plaintiff's § 523(a)(6) claim,[24] although the State Court Judgment does not establish that the Defendant's conversion was willful and malicious, as required by § 523(a)(6).[25] But, based on his default in this case, the Defendant is deemed to have admitted the Plaintiff's allegations that he willfully and maliciously injured the Plaintiff.[26] The issues were actually litigated. Default judgments generally satisfy the actual litigation prong,[27] and in any event, the Defendant appeared and participated in the State Court case in some capacity.[28] The fraud and conversion judgments were critical and necessary: the State Court Judgment properly laid out the basis for each portion of its damages award. Further, the standard of proof on all issues is identical—preponderance of the evidence.

Based on collateral estoppel, the $16,900 portion of the State Court Judgment for fraud and conversion relating to the Acura is nondischargeable under both § 523(a)(2)(A) and § 523(a)(6), the $8,200 portion for conversion relating to the Dodge is nondischargeable under § 523(a)(6), and the $24,000 portion for fraud relating to the Porsche is nondischargeable under § 523(a)(2)(A). In total, the Plaintiff's nondischargeable claims are $49,100. However, the

---

[23] Florida common law fraud and the elements of § 523(a)(2)(A) are nearly identical. *See St. Laurent*, 991 F.2d at 676.

[24] Plaintiff did not explicitly pursue its § 523(a)(6) claim, which was pled in the Complaint (Doc. No. 1), but not in its Amended Motion for Default Judgment. The State Court Judgment, however is explicit in its conversion finding that coupled with the Defendant's default in this case clearly establishes the nondischargeability of the conversion portions of the State Court Judgment.

[25] Section 523(a)(6) includes willful and malicious conversion. *In re Wolfson,* 56 F.3d 52, 54 (11th Cir. 1995).

[26] Doc. No. 1 at 26-27.

[27] *See In re Green*, 262 B.R. 557, 562-63 (Bankr. M.D. Fla. 2001) ("[T]his Court has recognized that default judgments may meet the 'actually litigated' test for the application of collateral estoppel as required by *St. Laurent*."); *In re Itzler*, 247 B.R. 546, 553 (Bankr. S.D. Fla. 2000) (thoroughly discussing the application of collateral estoppel to default judgments in Florida and holding that default judgments satisfy the "actually litigated" prong).

[28] This State Court Judgment was not a typical default judgment where the defendant did not ever appear and the judgment was summarily entered. Defendant appeared in the State Court and failed to comply with the State Court's orders, causing the entry of the default judgment against him. State Court Judgment, Doc. No. 1-2 at ¶¶ 2–3.

Court cannot find any basis to determine the $75,300 worthless check portion of the State Court Judgment nondischargeable.

Plaintiff's State Court complaint and its complaint in this adversary proceeding both show that the Defendant tendered the worthless checks to the Plaintiff *after* it provided the cars to him. Defendant took possession of the Acura, Porsche, and Dodge on February 27, 2012, April 9, 2012, and April 12, 2012, respectively.[29] Defendant's car purchases were based on separate sale contracts, although the date the Defendant's payments were due is unclear.[30] On April 16, 2012—48 days after the Plaintiff turned over the car to the Defendant—the Defendant tendered a worthless check for payment on the Acura.[31] Also on April 16, 2012, the Defendant tendered a worthless check for the Dodge, after he already had received that car.[32]

A key element of § 523(a)(2)(A) is justifiable reliance.[33] Plaintiff must prove it justifiably relied on a Defendant's fraudulent statement and suffered a loss due to that reliance. Because the Defendant tendered the worthless checks *after* the Plaintiff turned over the cars, the Plaintiff could not have relied on the checks in deciding whether sell the cars to the Defendant. This also shows that any loss the Plaintiff suffered did not result from the worthless checks themselves.[34] Further, the Defendant did not "obtain money, property, or services" in exchange for the worthless checks because the checks were given for an antecedent debt—the sales contracts.[35] Plaintiff received promises to pay from the Defendant in return for the cars, in the form of the sales contracts, and the State Court found those promises to have been fraudulently

---

[29] State Court Complaint, Doc. No. 1-1 at 2–3.
[30] State Court Complaint, Doc. No. 1-1 at Exhibits A–C.
[31] Doc. No. 1-1 at ¶ 12.
[32] Doc. No. 1-1 at ¶ 16.
[33] *See Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995).
[34] Proof of loss caused by the misrepresentation is an element of fraud under § 523(a)(2)(A). *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998).
[35] "Knowledge that checks are worthless does not necessarily amount to a fraudulent intent, if the checks are given for antecedent debts." *In re Alexander*, 212 B.R. 993, 997 n.15 (Bankr. M.D. Ala. 1997).

made.  But the State Court did not make findings of fraud in connection with the worthless checks.  "[A] money judgment in state court on a bad check does not automatically translate into a judgment of nondischargeability in bankruptcy court.  To obtain a judgment of nondischargeability, the plaintiff must prove the elements of its cause of action."[36]  Plaintiff failed to do so.

The allegations in both the State Court complaint and the adversary complaint are not sufficient to show that the damages in the State Court Judgment arising from the worthless checks are nondischargeable under § 523(a)(2)(A).  However, the Court finds that the Plaintiff has proved that $49,100 of the State Court Judgment is nondischargeable under § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code.  A Partial Final Judgment consistent with this Memorandum Opinion shall be entered simultaneously.  A further pretrial conference is scheduled in this adversary proceeding for **March 19, 2015, at 11:00 a.m.**, in Courtroom A, Sixth Floor, 400 West Washington Street, Orlando, Florida  32801, to allow the Plaintiff time to decide whether it would like to set a final evidentiary hearing on the damages arising from the worthless check allegations.

DONE AND ORDERED in Orlando, Florida, on January 13, 2015.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

John Gaset, attorney for the Plaintiff, is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

---

[36] *In re Mercer*, No. 13-30006-WRS, 2013 WL 3367253, at *5 (Bankr. M.D. Ala. July 5, 2013)